DAVID BURCHARD  
CHAPTER 13 TRUSTEE  
P.O. BOX 8059  
FOSTER CITY, CA 94404  
(650) 345-7801  FAX (650) 345-1514  
(707) 544-5500  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT  
NORTHERN DISTRICT OF CALIFORNIA

| In re: | |
|---|---|
| CARL HAROLD ERNST, JR.<br>542 VERDUCCI DR.<br>DALY CITY, CA 94015<br><br>Debtor(s) | Chapter 13<br>Case No: 23-30746 DM<br>Date: March 20, 2024<br>Time: 10:10 AM<br>Ctrm: TELEPHONE / VIDEO |

## MOTION OF CHAPTER 13 TRUSTEE, DAVID BURCHARD, TO DISMISS CASE PRIOR TO CONFIRMATION

TO: THE ABOVE-NAMED DEBTOR(S) AND TO DEBTOR(S)' ATTORNEY OF RECORD HEREIN:

The Chapter 13 Trustee, DAVID BURCHARD, moves the Court for an order, dismissing this case for cause(s) for the reasons set forth below.

1. This Court has jurisdiction over this matter pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9014, and Bankruptcy Local Rules 9013-1 and 9014-1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. This Motion is based upon all documents and records on file, together with this Motion, Declaration and any such additional documents, records and evidence which may be presented.

3. Debtor(s) filed for bankruptcy under Chapter 13 on 10/31/2023.

4. This motion for dismissal is made for cause pursuant to:
11 U.S.C. § 1307(c)(1) as there is unreasonable delay that is prejudicial to creditors.
11 U.S.C. § 1307(c)(4) as Debtor(s) failed to make timely payments to the Trustee. As of the date of this motion, Debtor(s) has not made any plan payments to the Chapter 13 Trustee.

5. The cause to dismiss this case exists as it is in the best interests of creditors and the bankruptcy estate. The Trustee therefore requests the Court enter an order dismissing this case.

If you wish to oppose dismissal of this Chapter 13 case, you or your attorney must file a timely opposition to this motion no later than fourteen (14) days before the hearing set forth in the accompanying Notice of Motion. You or your attorney must also appear at the hearing date listed in the notice and present argument in opposition to this motion.

DATED:  February 8, 2024                    DAVID BURCHARD                    
                                            DAVID BURCHARD, Chapter 13 Trustee

DAVID BURCHARD  
CHAPTER 13 TRUSTEE  
P.O. BOX 8059  
FOSTER CITY, CA 94404  
(650) 345-7801  FAX (650) 345-1514  
(707) 544-5500  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT  
NORTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>CARL HAROLD ERNST, JR.<br>542 VERDUCCI DR.<br>DALY CITY, CA 94015<br><br>Debtor(s) | Chapter 13<br>Case No: 23-30746 DM<br>Date: March 20, 2024<br>Time: 10:10 AM<br>Ctrm: TELEPHONE / VIDEO |
|---|---|

## DECLARATION IN SUPPORT OF CHAPTER 13 TRUSTEE, DAVID BURCHARD'S, MOTION TO DISMISS CASE PRIOR TO CONFIRMATION

I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof. Additionally, I have personal knowledge of the matters stated in the Declaration. If called upon as a witness, I could and would competently testify to the facts contained herein.

After reviewing the books, records and files of the above-referenced Debtor(s), I make the following Declarations:

1. Debtor(s) filed the instant bankruptcy petition on 10/31/2023. There is unreasonable delay towards plan confirmation that is prejudicial to creditors.

2. As of the date hereof, the following fact(s) exists as cause for dismissal:

| | |
|---|---|
| X | Failure to make required payments to the Trustee. As the date of this motion, Debtor has not made any plan payments to the Chapter 13 Trustee. |
| \_\_\_\_ | Failure to attend Section 341 Meeting of Creditors scheduled on |
| X | Failure to respond to Trustee's requests – see attachment "A". |

    I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on February 8, 2024 in Foster City, California.

Dated: February 8, 2024                                          DAVID BURCHARD  
                                                                             DAVID BURCHARD, Chapter 13 Trustee

# CERTIFICATE OF SERVICE

I am over the age of 18 years and not a party to this action. I am employed by the Trustee whose business address is 1111 Triton Drive, Suite #100, Foster City, CA. On the date set forth below, I served a true and correct copy of the **Motion of Chapter 13 Trustee, David Burchard, to Dismiss Case Prior to Confirmation, the Declaration in Support of Chapter 13 Trustee, David Burchard's Motion to Dismiss Case Prior to Confirmation** and this **Certificate of Service**, on the persons listed below by following our ordinary business practice for service, which is either deposited in the ordinary course of business with the U.S. Postal Service by first class mail or served by electronic transmission from the Court, if applicable. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    CARL HAROLD ERNST, JR.
    542 VERDUCCI DR.
    DALY CITY, CA 94015

The following recipients have been served via Court's Notice of Electronic Filing:

Dated:    February 8, 2024               TINA MITCHELL
                                                              TINA MITCHELL

DAVID BURCHARD  
CHAPTER 13 TRUSTEE  
P.O. BOX 8059  
FOSTER CITY, CA 94404  
(650) 345-7801 FAX (650) 345-1514  
(707) 544-5500 FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT  
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>    CARL HAROLD ERNST, JR.<br>    542 VERDUCCI DR.<br>    DALY CITY, CA 94015<br><br><br>                         Debtor(s) | Case No.: 23-30746 DM<br>Chapter 13<br><br>**ATTACHMENT "A"** |

The Trustee made the following requests <u>at least 30 days</u> prior to the filing date of the instant motion:

1. The debtor's plan was filed after the Notice of Bankruptcy was issued and therefore was not served to all creditors with the Notice of Bankruptcy. Trustee requested the debtor file a notice regarding the plan pursuant to Bankruptcy Local Rule 3015-1(b)(1) and that a certificate of service evidencing service of the notice and plan be filed with the Court. The debtor has failed to file the requested documents.

2. The debtor's current plan is indecipherable; as such, the Trustee is unable to administer the plan. Trustee requested an amended plan that clearly indicates how creditors are to be paid. The debtor has failed to file an amended plan.

3. Section 2.1 of the debtor's plan fails to provide for monthly plan payments/number of months of the plan. Trustee requested an amended plan which provides for monthly plan payments/number of months of the plan. The debtor has failed to file an amended plan.

4. Section 8 of the debtor's plan fails to select a revesting provision. Trustee requested an amended plan which selects a revesting provision. The debtor has failed to file an amended plan.

5. Schedule I reflects income from rental and/or operation of a business; however, the debtor has not filed the required attachment to Schedule I that itemized gross income and expenses. Trustee requested an amended Schedule I with the required attachment. The debtor has failed to file the requested document.

6. Trustee is in receipt of an objection to confirmation of plan by creditor, Banc of America Funding Corporation 2007-C, filed on December 28, 2023. Trustee requested that said objection to confirmation of plan be resolved prior to confirmation. The debtor has failed to resolve said objection.

7. Trustee is in receipt of an objection to confirmation of plan by creditor, Deutsche Bank National Trust Company, filed on December 28, 2023. Trustee requested that said objection to confirmation of plan be resolved prior to confirmation. The debtor has failed to resolve said objection.

8. The debtor has incorrectly claimed exemptions in Schedule C under both C.C.P. §703.140(b) <u>and</u> C.C.P. §704. The debtor may utilize either the exemption scheme under C.C.P. §703.140(b) or C.C.P. §704, but not both. Trustee requested an amended Schedule C which utilizes only one exemption scheme. The debtor has failed to file an amended Schedule C as requested.

9. Schedule C lists the value of exemptions for the debtor's assets as "100% of the fair market value, up to any applicable statutory limit." Trustee requested an amended Schedule C which provides an actual dollar amount for all exemptions. The debtor has failed to file an amended Schedule C as requested.

10. Trustee requested a signed copy of the debtor's 2022 filed federal income tax return. The debtor has failed to provide the requested document.

11. Trustee requested verification of rental income in the amount of $6,100.00. The debtor has failed to provide the requested verification.

12. Trustee requested verification of income from social security in the amount of $978.00. The debtor has failed to provide the requested verification.